IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RODNEY M. TARUFELLI,

    Plaintiff,

vs.          No.

THE UNITED STATES OF AMERICA,

    Defendant.

### COMPLAINT FOR PERSONAL INJURIES ARISING UNDER THE FEDERAL TORT CLAIMS ACT [MOTOR VEHICLE]

Plaintiff, Rodney M. Tarufelli, by and through his undersigned attorney of record, for his Complaint would state as follows:

### I. PARTIES AND JURISDICTION

1. This is an action pursuant to the Federal Tort Claims Act, 28 USC §2671, *et. seq.* (hereinafter the "FTCA").

2. Plaintiff RODNEY M. TARUFELLI is a resident of Pueblo, State of Colorado. At all times material to the claims for relief alleged herein, Plaintiff was a resident of Rio Rancho, County of Sandoval, State of New Mexico.

3. Defendant United States of America ["United States of America"] through its agents, employees, and the Department of the Interior, Bureau of Indian Affairs, all federal agencies, and at all times hereinafter mentioned, upon information and belief, did fund the Pueblo of Santa Ana Police Department for operation of its law enforcement agency and

law enforcement programs, including the Pueblo of Santa Ana police vehicle which struck Plaintiff's vehicle causing the injuries and damages alleged herein.

4. The Pueblo of Santa Ana is a federally recognized tribe of Indians, and upon information and belief, had an Indian Self-Determination Act (P.L. 93-638) contract with the United States through its agency, the Department of the Interior, Bureau of Indian Affairs, Division of Law Enforcement, for the operation of the Pueblo of Santa Ana Police Department and its police vehicles for the Pueblo of Santa Ana. Upon information and belief the Pueblo of Santa Ana has insured its operations under its P.L. 93-638 contract with the United States as required by the Indian Self Determination Act [P.L. 93-638], and is therefore amenable to suit in federal court pursuant to federal law. At all times material, Juan Garcia was a law enforcement employee employed by Defendant and the Pueblo of Santa Ana Police Department and the claims alleged herein are made against Defendant for the acts and/or failures to act of Juan Garcia pursuant to, *inter alia,* the *Doctrine of Respondeat Superior* and vicarious liability.

5. Upon information and belief, Defendant United States of America provided federal funds to the Pueblo of Santa Ana under the Indian Self Determination Act, P.L. 93-638. Defendant United States of America, through its agents, employees, and through the Department of Interior, and the Bureau of Indian Affairs Office of Law Enforcement Education, and are all federal agencies who are amenable to suit pursuant to the Federal Tort Claims Act.

6. If the Defendant were a private person it would be liable to the Plaintiff in accordance with the laws of the State of New Mexico.

7.  Within two years of the date of claims set forth herein which are subject to the Federal Tort Claims Act, the administrative claim was presented to the United States through the Department of the Interior, pursuant to 28 U.S.C. §2675(a). Defendant has issued a final ruling denying the claim of Plaintiff on September 1, 2010. By virtue of the agency action alleged herein, and denial of same, Plaintiff's claims are ripe for adjudication.

8.  This Court has jurisdiction over the parties and subject matter pursuant to 28 USC § 1346(b).

## FACTS GERMANE TO ALL CLAIMS FOR RELIEF

9.  Plaintiff re-alleges Paragraphs 1 through 8 as though fully recited at length herein.

10. On March 21, 2008, at approximately 8:50 p.m., Plaintiff was westbound on Highway 550 near the intersection with Highway 313 in the Town of Bernalillo, State of New Mexico, and Pueblo of Santa Ana police office Juan Garcia was eastbound on Highway 550 turning left onto Highway 313.

11. Juan Garcia, a police officer employed by the Pueblo of Santa Ana Police Department, was operating a 2002 Dodge police vehicle on State Road 550.

12. On said date and time, Plaintiff was operating a 2004 Suzuki motorcycle in a safe and lawful manner.

13. At said time and date, Juan Garcia was on duty operating Defendant's and/or the Pueblo of Santa Ana's official police vehicle.

14. As a proximate result of the negligent operation of the vehicle operated by

Juan Garcia and his failure to yield, Plaintiff struck the vehicle operated by Juan Garcia.

15. Juan Garcia failed to safely yield to the oncoming traffic of Plaintiff's vehicle and was therefore negligent in the operation of the vehicle owned and operated by Defendant and the Pueblo of Santa Ana, proximately causing Plaintiff's serious and permanent injuries.

16. The Town of Bernalillo Police Department investigated the collision caused by Defendant wherein it reported this motor vehicle collision as Case Number 080810718. Said police agency determined that the apparent contributing factors were Juan Garcia's "failure to yield right of way" and "made improper turn".

17. Pueblo of Santa Ana Police Office Juan Garcia was issued a citation for failure to yield, thereby invoking the doctrine of *negligence per se.*

18. The collision occurred as a direct and proximate result of the negligence of a employee of the Defendant, the United States of America, and the Pueblo of Santa Ana, while acting within the scope of his duties in the operation of their vehicle.

19. Defendant is liable for the acts and/or failures to act of Juan Garcia operating a Pueblo of Santa Ana official police vehicle, *inter alia*, under the *Doctrine of Respondeat Superior* and vicarious liability.

20. As a direct and proximate result of the negligence of the defendant, Plaintiff suffered permanent and irreparable injuries, medical bills, loss of wages, loss of income and loss of income opportunity, past present, and future pain and suffering damages, out of pocket damages, hedonic damages, and other allowable damages under New Mexico law.

## COUNT I - NEGLIGENCE

21. Plaintiff re-alleges Paragraphs 1 through 20 as though fully recited at length herein.

22. As a direct and proximate of the above identified negligent conduct, Defendant breached the duty of operating the Pueblo of Santa Ana police vehicle in a safe, lawful, and reasonable manner, all of which caused Plaintiff's injuries.

23. At said time and date, Defendant, through the negligent operation of the Pueblo of Santa Ana police vehicle, was negligent in the following respects:

   a. Failed to keep a proper lookout;

   b. Failed to keep the vehicle under control;

   c. Failed to yield the right of way;

   d. Failed to obey a traffic control device;

   e. Failed to operate in a safe and lawful manner and was in violation of existing ordinances and statues;

   f. Failed to operate his vehicle in a safe and reasonable manner.

.24. As a direct and proximate result of the negligence of the defendant, Plaintiff suffered permanent and irreparable injuries, medical bills, loss of wages, loss of income and loss of income opportunity, past present, and future pain and suffering damages, out of pocket damages, hedonic damages, and other allowable damages under New Mexico law.

## COUNT II –VICARIOUS LIABILITY

25. Plaintiff re-alleges Paragraphs 1 through 24 as though fully recited at length herein.

26. Plaintiff invokes the Doctrine of Vicarious Liability for the acts and failures to act of Pueblo of Santa Ana Police Officer, Juan Garcia, in his negligent operation of the police vehicle on March 21, 2008.

27. As a direct and proximate result of the negligence of the defendant, Plaintiff suffered permanent and irreparable injuries, medical bills, loss of wages, loss of income and loss of income opportunity, past present, and future pain and suffering damages, out of pocket damages, hedonic damages, and other allowable damages under New Mexico law.

## COUNT III – NEGLIGENCE PER SE

28. Plaintiff re-alleges Paragraphs 1 through 27 as though fully recited at length herein.

29. Defendant, through the negligent operation of a motor vehicle by Juan Garcia was negligent per se in violation of Section 66-7-332.1, NMSA 1978, and other motor vehicle laws and statutes of New Mexico.

30. The Town of Bernalillo Police Department cited Pueblo of Santa Ana police officer, Juan Garcia, for failure to yield.

31. As a direct and proximate result of the negligence per se of the defendant, Plaintiff suffered permanent and irreparable injuries, medical bills, loss of wages, loss of income and loss of income opportunity, past present, and future pain and suffering damages, out of pocket damages, hedonic damages, and other allowable damages under New Mexico law.

WHEREFORE, Plaintiff respectfully requests a reasonable award of damages based upon the damages to be proven at trial, including, without limitation:

1.	Compensatory damages;

2.	Medical bills;

3.	Past., present, and future pain and suffering damages;

4.	Past, present, and future permanent injuries;

5.	Loss of enjoyment of life and hedonic damages;

6.	Loss of income and income opportunity;

7.	For all allowable taxable costs;

8.	Such other and further relief deemed warranted under the circumstances.

Respectfully submitted,

BARUDIN LAW FIRM, P.C.


By: **_Signed and Electronically filed 12/28/10_**
 Theodore W. Barudin
 7900 Menaul Blvd NE
 Albuquerque NM  87110-4606
 (505) 332-1800
 *Attorney for Plaintiff*